UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:  CV423-221 |
| Plaintiff, | |
| v. | |
| IRAJ SHAMBAYATI, DANIEL SHAMBAYATI, AKBAR KESHAVARZ, 1511 ROSEWOOD, L.L.C., AND IDHD PROPERTIES, L.L.C., AS CURRENT OWNER AND SUCCESSOR IN INTEREST TO PROPERTIES PREVIOUSLY OWNED BY IRAJ SHAMBAYATI AND 1511 ROSEWOOD, L.L.C., | COMPLAINT OF THE UNITED STATES OF AMERICA **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

The United States of America brings this suit against Defendants Iraj Shambayati, Daniel Shambayati, Akbar Keshavarz, 1511 Rosewood, L.L.C., and IDHD Properties, L.L.C. (collectively, "Defendants") for violating the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act").

Defendant Iraj Shambayati sexually harassed female tenants in the Savannah, Georgia and surrounding areas of Chatham County by subjecting them to hostile housing environments and requests for sexual acts in exchange for rental benefits. Defendant Iraj Shambayati made repeated and unwelcome sexual comments to these tenants, touched their bodies without consent, requested sexual acts from them, and offered them rental benefits in exchange for sexual acts. Defendant Iraj Shambayati also commented on tenants' looks and body parts, asked personal questions about their relationship status, and entered their homes without their knowledge and consent. Defendant Iraj Shambayati took advantage of female tenants with limited housing opportunities, using their circumstances and his position to seek sexual acts from them because they needed housing. Defendants Daniel Shambayati, Akbar Keshavarz, 1511 Rosewood, L.L.C., and IDHD Properties, L.L.C. are vicariously liable for Defendant Iraj Shambayati's discriminatory conduct, because Defendant Iraj Shambayati acted as their agent when he sexually harassed tenants at properties in which they had an ownership interest, or in the case of IDHD Properties L.L.C., as a successor in interest.

In support of this Complaint, the United States of America alleges as follows:

## NATURE OF ACTION

1.     The United States brings this civil action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, 2201 and 2202, and 42 U.S.C. § 3614(a).

3.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the Southern District of Georgia, and the Defendants reside or do business in the Southern District of Georgia.

## FACTUAL ALLEGATIONS

4.     Defendant Iraj Shambayati is a resident of Chatham County, Georgia. He maintains a personal residence in Savannah, Georgia.

5.     Defendant Daniel Shambayati and Defendant Akbar Keshavarz are residents of Chatham County, Georgia.

6.     During part of the period of time relevant to this action, Defendant 1511 Rosewood, L.L.C., was a Georgia limited liability company with a principal office address at P.O Box 13803, Savannah, Georgia. The company was incorporated in March 2009. According to the L.L.C.'s annual registration documents filed with the Georgia Secretary of State, Defendant Iraj Shambayati served as the company organizer from at least 2016 until at least September 2020. The company was administratively dissolved on October 31, 2022.

7.     Defendant IDHD Properties, L.L.C., is a Georgia limited liability company. Its principal place of business is located at the same address as Defendant Iraj Shambayati's personal residence in Savannah, Georgia. The company was incorporated in July 2021.

### DEFENDANT IRAJ SHAMBAYATI

8.     Since at least 2008, Defendant Iraj Shambayati served as the property manager for approximately 70 or more single family, duplex, and condominium rental properties in the City of Savannah and surrounding areas in Chatham County. During this period, these rental properties were owned and/or co-owned by one or more of the following:

Iraj Shambayati, Daniel Shambayati, Akbar Keshavarz, 1511 Rosewood, L.L.C., and IDHD Properties, L.L.C. (the "Subject Properties").

9.     The Subject Properties include, but are not limited to, the following locations in Savannah, Georgia: 10 Marian Court; 2302 Alaska Street; 1511 Rosewood Drive; 1922 East 59th Street; 1312 East 58th Street; and 26 Chatham Street.

10.    The rental homes at the Subject Properties are "[d]welling[s]" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

11.    At all times relevant to this action, Defendant Iraj Shambayati performed a full range of management duties relating to all Subject Properties, including, but not limited to, showing dwellings to prospective tenants; accepting and approving tenants' applications; executing leases; collecting rents; receiving and responding to maintenance requests; communicating with tenants regarding late payments; initiating dispossessory actions; and appearing in court during these proceedings. He has performed these duties at one or more of the Subject Properties since at least 2008.

12.    During part or all of the period of time relevant to this action, Defendant Iraj Shambayati had authority to act on behalf of Defendants

Daniel Shambayati, Akbar Keshavarz, 1511 Rosewood, L.L.C., and IDHD Properties, L.L.C. to manage the Subject Properties. Defendant Iraj Shambayati performed the rental management duties described in paragraph 11 above, above, as an agent of Defendants Daniel Shambayati, Akbar Keshavarz, 1511 Rosewood, L.L.C., and IDHD Properties, L.L.C.

13.   Since at least 2008, Defendant Iraj Shambayati has subjected female tenants of the Subject Properties to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment. His conduct has included, but has not been limited to:

  a. Demanding that female tenants engage in, or pressuring them to engage in sexual acts with him to obtain or keep rental housing;

  b. Offering to grant tangible housing benefits, such as waiving, reducing or excusing rent payments, late payments, or deposit amounts; implementing rental payment plans; or providing repairs and maintenance, to female tenants in exchange for sexual acts;

c.  Subjecting female tenants to unwelcome sexual contact, including touching their breasts and buttocks and kissing them;

d.  Making intrusive, unannounced visits to female tenants' homes without their permission for no apparent legitimate purposes and to further his sexual advances;

e.  Making unwelcome sexual comments, propositions, and sexual advances to female tenants; and

f.  Taking adverse housing actions, such as evicting, refusing to make or delaying repairs, serving dispossessory notices or initiating dispossessory actions or threatening to take such actions, against female tenants who have rejected his unwelcome sexual advances and/or refused to engage in sexual acts with him.

14.  For instance, in 2015, Defendant Iraj Shambayati inappropriately touched and rubbed the arm of a female tenant of 10 Marian Court in Savannah. He repeatedly invited the tenant to dinner at his house, made suggestive sexual comments to her, which included asking to see her breasts, and insisted that she pay her rent to him in

7

person so that he could continue to make sexual advances. All of his conduct was unwelcome. After the tenant repeatedly rejected his advances, he initiated dispossessory actions against the tenant.

15.    Additionally, in 2017, Defendant Iraj Shambayati subjected a female tenant of 1922 East 59th Street in Savannah to unwelcome sexual advances when he came to her house to collect the rent. Specifically, he repeatedly made lewd comments to this tenant about her breasts and her body. He frequently attempted to touch her breasts and was able to do so several times against her wishes. On one occasion he pulled the tenant close to him and kissed her when she was paying her monthly rent. All of this conduct was unwelcome.

16.    In another example, in 2022, Defendant Iraj Shambayati made inappropriate sexual advances to a female tenant of 1312 East 58th Street in Savannah. He repeatedly asked her to show him her buttocks, and made sexual comments to her about her body, including her buttocks. He engaged in this conduct when the female tenant was paying rent to him in person. On one occasion, he touched her buttocks and asked her to engage in a vulgar act. He frequently invited this tenant to dinner at his house. The female tenant repeatedly rejected his advances, which led

8

him to ignore needed repairs in this tenant's home. After her housing conditions deteriorated significantly, she reported him to the City of Savannah Code Compliance. Shortly thereafter, he initiated dispossessory proceedings to evict this tenant.

17.   As another example, in 2017 Defendant Iraj Shambayati made repeated unwelcome sexual advances toward at least one female tenant living at 2302 Alaska Street. This harassment included grabbing the tenant, kissing her on the mouth multiple times, and offering her a reduction in rent in exchange for sex. On one occasion, this tenant pulled away from him, and he again pulled her over to him to try to kiss her against her wishes.

18.   From approximately 2008 until 2016, Defendant Iraj Shambayati repeatedly made unwelcome sexual advances to a female tenant living at 1511 Rosewood Drive by touching her, entering her home (or attempting to do so) without her knowledge or consent, and asking her to join him for a drink when she was paying her rent to him in person. He engaged in this conduct in 2008, while acting as agent for the former owner of the property and continued to engage in this conduct after

Defendant 1511 Rosewood L.L.C. acquired 1511 Rosewood Drive property in 2009.

19.   In another example, in 2013 Defendant Iraj Shambayati rubbed the buttocks and thighs of the tenant living at 26 Chatham Street, Unit A. On more than one occasion, he asked this tenant for sex, made inappropriate comments to her such as "give me some," or words to that effect, and entered her home without her permission. He also invited her to have wine with him.

20.   The experiences of the tenants described in paragraphs 14 – 19 were not the only instances of Defendant Iraj Shambayati's sexual harassment of female tenants. Rather, they were part of his pattern or practice of illegal sexual harassment of multiple female tenants from at least 2008 to the present.

21.   Defendant Iraj Shambayati's conduct described in this complaint caused female tenants to suffer fear, anxiety, and emotional distress, and interfered with their ability to secure and maintain rental housing for themselves and their families.

22.   Defendant Iraj Shambayati's discriminatory housing practices, as described above, occurred within the scope of his agency

relationship with Defendants Daniel Shambayati, Akbar Keshavarz, 1511 Rosewood, L.L.C., and IDHD Properties, L.L.C., and were aided by the existence of that agency relationship.

## DEFENDANT DANIEL SHAMBAYATI

23.    During part or all of the time period relevant to this action, Defendant Daniel Shambayati owned the Subject Property located at 10 Marian Court in Savannah, Georgia.

24.    During the time period relevant to this action, Defendant Daniel Shambayati engaged Defendant Iraj Shambayati to act as his agent to manage the Subject Property located at 10 Marian Court and gave him the actual or apparent authority to perform the management duties described in paragraph 11 above.

25.    Defendant Iraj Shambayati's discriminatory conduct that occurred at 10 Marian Court in Savannah, described above in paragraph 14, occurred while he was exercising his authority as agent for property owner Daniel Shambayati. Defendant Daniel Shambayati is therefore vicariously liable for Defendant Iraj Shambayati's conduct, regardless of whether he knew or should have known of it.

26.   Defendant Daniel Shambayati knew about Defendant Iraj Shambayati's conduct because Defendant Daniel Shambayati was present for a court hearing in 2015 during which Defendant Iraj Shambayati's sexual harassment was described. During that hearing, a female tenant of 10 Marian Court testified under oath that, among other things, Defendant Iraj Shambayati asked her for sexual acts, required her to pay him rent in person so he could make sexual advances, and on multiple occasions invited her to his house against her wishes to have wine. As owner of the housing unit, Daniel Shambayati had the authority to take preventative and corrective action, yet he failed to take any reasonable preventative or corrective measures to prevent or redress Defendant Iraj Shambayati's conduct.

## DEFENDANT AKBAR KESHAVARZ

27.   During part or all of the time period relevant to this action, Defendant Akbar Keshavarz and Defendant Iraj Shambayati co-owned the Subject Property located at 2302 Alaska Street in Savannah.

28.   During the time period relevant to his action, Defendant Keshavarz engaged Defendant Iraj Shambayati to act as his agent to manage the Subject Property located at 2302 Alaska Street and gave him

the actual or apparent authority to perform the management duties described in paragraph 11, above.

29.   Defendant Iraj Shambayati's discriminatory conduct that occurred at 2302 Alaska Street in Savannah, described above in paragraph 17, occurred at the property co-owned by Defendant Keshavarz. Defendant Iraj Shambayati's discriminatory conduct occurred while he was exercising his authority as agent for Defendant Keshavarz. Defendant Keshavarz is therefore vicariously liable for Defendant Iraj Shambayati's conduct, regardless of whether he knew or should have known of it.

30. Defendant Keshavarz knew about Defendant Iraj Shambayati's conduct because at least one tenant informed Defendant Keshavarz of Defendant Iraj Shambayati's harassing conduct. Defendant Keshavarz had the authority to take preventative and corrective action yet failed to take reasonable preventative or corrective measures to prevent or redress Defendant Iraj Shambayati's conduct.

## DEFENDANT 1511 ROSEWOOD, L.L.C.

31.   During part of the time period relevant to this action, Defendant 1511 Rosewood L.L.C., owned the Subject Properties located

at 1511 Rosewood Drive, 1922 East 59th Street, and 1312 East 58th Street in Savannah.

32.    During the time period relevant to this action, Defendant 1511 Rosewood, L.L.C. engaged Defendant Iraj Shambayati to act as its agent to manage the Subject Properties located 1511 Rosewood Drive, 1922 East 59th Street and 1312 East 58th Street, and gave him the actual or apparent authority to perform the management duties described in paragraph 11, above.

33.    Defendant Iraj Shambayati's discriminatory conduct that occurred at 1511 Rosewood Drive, 1922 East 59th Street and 1312 East 58th Street, described above in paragraphs 15, 16, and 18, occurred while he was exercising his authority as agent for Defendant 1511 Rosewood, L.L.C. Defendant 1511 Rosewood, L.L.C. is therefore vicariously liable for Defendant Iraj Shambayati's conduct.

34.    On or around July 8, 2022, Defendant 1511 Rosewood, L.L.C. transferred the Subject Property located at 1312 East 58th Street to Defendant Iraj Shambayati for $0. On the same day, the property was sold to a third-party buyer.

## DEFENDANT IDHD PROPERTIES, L.L.C. AS SUCCESSOR IN INTEREST

**A. Successor in Interest to Defendant 1511 Rosewood, L.L.C. for Properties Located at 1511 Rosewood Drive and 1922 East 59th Street**

35.   In October 2022, Defendant 1511 Rosewood, L.L.C. transferred the Subject Properties located at 1511 Rosewood Drive and 1922 East 59th Street in Savannah to Defendant IDHD Properties, L.L.C. for $0.

36.   Both before and after the transfer of 1511 Rosewood Drive and 1922 East 59th Street to Defendant IDHD Properties, L.L.C., Defendant Iraj Shambayati served as the sole rental manager for both properties. Since the transfer of the properties to Defendant IDHD Properties, L.L.C., operation of the rental real estate business has substantially continued in the manner that it existed when 1511 Rosewood, L.L.C. owned the properties, including complete and consistent managerial control of the properties by Defendant Iraj Shambayati. After the transfer of the 1511 Rosewood Drive and 1922 East 59th Street properties, Defendant Iraj Shambayati has had authority to act on behalf of Defendant IDHD Properties, L.L.C., and serves as its managing agent

to these properties. Both before and after the transfer of the 1511 Rosewood Drive and 1922 East 59th Street properties, Defendant Iraj Shambayati has performed the duties described in paragraph 11, above.

37.    Based on the facts set forth in paragraph 36, above, Defendant IDHD Properties, L.L.C. is a successor in interest to 1511 Rosewood, L.L.C.

## B. Successor in Interest to Defendant Iraj Shambayati for Property Located at 26 Chatham Street

38.    In October 2021, Defendant Iraj Shambayati transferred the Subject Property located at 26 Chatham Street in Savannah to Defendant IDHD Properties, L.L.C. for $0.

39.    During part of the time period relevant to this action, Defendant Iraj Shambayati owned the Subject Property located at 26 Chatham Street. As owner of this property, Defendant Iraj Shambayati performed the duties described in paragraph 11, above. Both before and after the transfer of 26 Chatham Street to IDHD Properties, L.L.C., Defendant Iraj Shambayati has served as the sole rental manager for this Subject Property. Since the transfer of the property to IDHD Properties, L.L.C., operation of the rental real estate business has substantially

continued in the manner that it existed when Defendant Iraj Shambayati owned the property, including complete and consistent managerial control of the property by Defendant Iraj Shambayati. After the transfer of the 26 Chatham Street property, Defendant Iraj Shambayati has had authority to act on behalf of Defendant IDHD Properties, L.L.C., and serves as its managing agent to this property. Both before and after the transfer of the 26 Chatham Street property, Defendant Iraj Shambayati has performed the duties described in paragraph 11, above.

40.    Based on the facts set forth in paragraph 39, above, Defendant IDHD Properties, L.L.C. is a successor in interest to Iraj Shambayati.

41.    Defendants' conduct as described in this Complaint was intentional, willful, and/or taken in reckless disregard of the rights of others.

## **CAUSE OF ACTION**

42.    The allegations above are incorporated herein by reference.

43.    By the actions and statements described above, the Defendants have:

a. Refused to rent or negotiate for the rental of, or otherwise made unavailable or denied dwellings because of sex, in violation of 42 U.S.C. § 3604(a);

b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

c. Made statements with respect to the rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

44. Under 42 U.S.C. § 3614(a) the Defendants' conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, which denial raises an issue of general public importance.

45.    Defendant Iraj Shambayati's discriminatory conduct has harmed female tenants. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

    a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

    b. Enjoins the Defendants, their agents, employees, and successors, and all other persons or entities in active concert or participation with them, from:

     i.   Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

    ii.   Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

   iii.   Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv.   Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c.  Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct under 42 U.S.C. § 3614(d)(1)(B);

d.  Assesses civil penalties against the Defendants to vindicate the public interest under 42 U.S.C. § 3614(d)(1)(C); and

e.  Awards such additional relief as the interests of justice may require.

Dated:  August 8, 2023

Respectfully submitted,

MERRICK GARLAND
Attorney General

JILL E. STEINBERG
United States Attorney
Southern District of Georgia

*s/ Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*s/ Carrie Pagnucco*
CARRIE PAGNUCCO
Acting Chief

*s/ Bradford C. Patrick*
BRADFORD C. PATRICK
*Co-lead Counsel*
Assistant U.S. Attorney
Southern District of Georgia
South Carolina Bar No. 102092
P.O. Box 8970
Savannah, GA 31412
Phone: (912) 652-4422
Fax: (912) 652-4427
bradford.patrick@usdoj.gov

*s/ Elise Sandra Shore*
MICHAEL S. MAURER
Deputy Chief
ELISE SANDRA SHORE
*Co-lead Counsel*
Trial Attorney
Housing and Civil Enforcement
Section
Civil Rights Division
U.S. Department of Justice
Georgia Bar No. 557131
150 First St., NE
4CON, Room 8.127
Washington, DC 20530
Phone: (202) 305-0070
Fax: (202) 514-1116
E-mail: Elise.Shore@usdoj.gov

Attorneys for Plaintiff
United States of America

22