UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| IRAJ SHAMBAYATI, DANIEL SHAMBAYATI, | ) | |
| AKBAR KESHAVARZ, 1511 ROSEWOOD, | ) | Civil Action No.: CV4:23-221 |
| L.L.C., AND IDHD PROPERTIES, L.L.C., AS | ) | |
| CURRENT OWNER AND SUCCESSOR IN | ) | |
| INTEREST TO PROPERITES PREVIOUSLY | ) | **JURY TRIAL DEMANDED** |
| OWNED BY IRAJ SHAMBAYATI AND 1511 | ) | |
| ROSEWOOD, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT IRAJ SHAMBAYATI'S ANSWER AND**
**DEFENSES TO THE COMPLAINT**

Defendant Iraj Shambayati ("Defendant"), by counsel, submits the following Answer and Defenses to the Complaint filed by the United States of America ("Plaintiff").

Defendant denies, generally and specifically, any and all allegations of the Complaint not specifically admitted in the paragraphs below. Defendant further states that his investigation of the present matter is ongoing. Accordingly, Defendant reserves the right to amend this Answer. Defendant denies any and all allegations contained in the headings of the Complaint.

**INTRODUCTION SECTION**

In response to the first unnumbered paragraph of the Complaint following the Introduction heading, Defendant admits only that Plaintiff has sued the Defendants named in the Complaint for alleged violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*, ("Fair Housing Act").

1

Defendant denies the allegations contained in the second unnumbered paragraph following the Introduction heading.

In response to the separately numbered paragraphs in the Complaint, Defendant states as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff purports to bring this action under the Fair Housing Act.

## JURISDICTION AND VENUE

2. Defendant admits that jurisdiction is proper in this Court.

3. Defendant admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in the first three sentences of paragraph 6. Defendant denies the allegations contained in the fourth sentence of paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

## DEFENDANT IRAJ SHAMBAYATI

8. Defendant admits the allegations contained in the first sentence of paragraph 8. Defendant admits the allegation contained in the second sentence of paragraph 8 that at one point in the time he either owned or co-owned 1511 Rosewood, LLC and IDHD Properties, LLC. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 8. Specifically, Plaintiff has not sufficiently identified the specific properties included in its definition of "Subject Properties" at issue for Defendant to admit or deny ownership. Defendant therefore denies this allegation.

9.  In response to the allegations contained in paragraph 9, Defendant admits only that at some point in time Defendant owned (in part or whole) properties located at 10 Marian Court, 2302 Alaska Street; 1511 Rosewood Drive; 1922 East 59th Street; 1312 East 58th Street; and 26 Chatham Street, located in Savannah, Georgia. Defendant, however, does not know the entirety of the properties included within Plaintiff's definition of "Subject Properties." Defendant therefore lacks sufficient information to admit or deny ownership over the properties included in Plaintiff's definition.

10. The allegations contained in paragraph 10 constitute a legal conclusion to which no response is required. To an extent a response is required, this allegation is denied.

11. Defendant admits that he performed some property management services at the specific properties identified by name in paragraph 9. Defendant lacks information sufficient to form a belief as to the entirety of the properties that are included in Plaintiff's definition of the "Subject Properties" and the specific timeframe alleged. Defendant therefore lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 11 as to properties that were not specifically identified in paragraph 9.

12. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 12. Specifically, Defendant is not sure what specific time-period and what specific properties Plaintiff is referring to. Defendant therefore denies these allegations. Plaintiff's allegation contained in the second sentence of paragraph 12 that Defendant was an "agent" for the remaining Defendants is a legal conclusion to which no response is required. To the extent a response is required, this allegation is denied. With respect to the remaining allegations in the second sentence of

paragraph 12, Defendant admits that he performed some rental management duties at certain properties at certain times.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

## **DEFENDANT DANIEL SHAMBAYATI**

23. In response to the allegations contained in paragraph 23, Defendant admits only that at one point Defendant Daniel Shambayati was listed as an owner of 10 Marian Court in Savannah, Georgia.

24. The allegations contained in paragraph 24 constitute a legal conclusion to which no response is required. To the extent a response is required, those allegations are denied.

25. In response to the allegations contained in the first sentence of paragraph 25, Defendant denies that he engaged in the alleged conduct incorporated from paragraph 11—and therefore denies all allegations in this sentence. The allegations contained in the second sentence of paragraph 25 constitute a legal conclusion, to which no response is required.

To the extent a response is required to the allegations contained in the second sentence of paragraph 25, those allegations are denied.

26. In response to the allegations contained in the first and sentences of paragraph 26, Defendant admits only that Defendant Shambayati was present at a court hearing in 2015 where a tenant made accusations against Defendant. Defendant denies the remaining allegations contained in the first sentence of paragraph 26. In response to the allegations set forth in the second sentence in paragraph 26, Defendant admits only that a former tenant made certain accusations against Defendant in 2015 and that Defendant denied the truth of those accusations at that hearing. Defendant denies the accuracy of Plaintiff's recitation of the former tenant's testimony at the hearing as stated in the second sentence of paragraph 26. Defendant denies the allegations set forth in the third sentence of paragraph 26.

## **DEFENDANT AKBAR KESHAVARZ**

27. Defendant admits that Defendant and Akbar Keshavarz co-own a property located at 2302 Alaska Street in Savannah.

28. The allegations contained in paragraph 28 constitute a legal conclusion to which no response is required. To the extent a response is required, those allegations are denied.

29. In response to the allegations contained in the first sentence of paragraph 29, Defendant denies that he engaged in the conduct incorporated from paragraph 17—and therefore denies all allegations in this sentence. The allegations contained in the second sentence of paragraph 29 constitute a legal conclusion, to which no response is required. To the extent a response is required to the allegations contained in the second sentence of paragraph 29, those allegations are denied.

30. In response to the allegations contained in the first sentence of paragraph 30, Defendant denies that he engaged in improper conduct with a tenant at 2302 Alaska Street. Defendant lacks knowledge sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 30. Defendant denies the underlying premise contained in the second sentence contained in paragraph 30—that Defendant engaged in improper conduct—and therefore denies the allegations set forth in this sentence.

## **DEFENDANT 1511 ROSEWOOD, L.L.C.**

31. In response to the allegations contained in paragraph 31, Defendant admits only that 1511 Rosewood LLC, previously owned properties located at 1511 Rosewood Drive, 1922 East 59th Street, and 1312 East 58th Street in Savannah.

32. The allegations contained in paragraph 32 constitute a legal conclusion to which no response is required. To the extent a response is required, those allegations are denied.

33. Defendant denies the allegations contained in paragraph 33.

34. In response to the allegations contained in the first sentence of paragraph 34, Defendant admits only that on or around July 8, 2022, 1511 Rosewood LLC transferred 1312 58th Street to Defendant for $0. Defendant admits the allegations contained in the second sentence of paragraph 34.

## **DEFENDANT IDHD PROPERTIES L.L.C.**

**A. Successor in Interest to Defendant 1511 Rosewood, L.L.C. for Properties Located at 1511 Rosewood Drive and 1922 East 59th Street**

35. In response to the allegations contained in paragraph 35, Defendant admits only that in October 2022, 1511 Rosewood, LLC transferred 1511 Rosewood Drive and 1922 East 59th Street in Savannah to Defendant IDHD Properties LLC for $0.

36. Defendant admits the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 constitute a legal conclusion to which no response is required. To the extent a response is required, those allegations are denied.

   **B. Successor in Interest to Defendant Iraj Shambayati for Property Located at 26 Chatham Street**

38. In response to the allegations contained in paragraph 38, Defendant admits only that in October 2021, Defendant transferred the property located at 26 Chatham Street in Savannah IDHD Properties, LLC for $0.

39. In response to the allegations contained in the first sentence of paragraph 39, Defendant admits that Defendant Iraj Shambayati formerly owned a property located at 26 Chatham Street.  Defendant admits the remaining allegations in paragraph 39.

40. The allegations contained in paragraph 40 constitute a legal conclusion to which no response is required. To the extent a response is required, those allegations are denied.

41. Defendant denies the allegations contained in paragraph 41.

## CAUSE OF ACTION

42. Defendant incorporates his responses set forth above herein by reference.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

## PRAYER FOR RELIEF

The unnumbered paragraphs following the sectioned PRAYER FOR RELIEF constitutes a prayer for relief to which no responsive pleading is required. Defendant specifically denies, however, that he has violated the Fair Housing Act or that Plaintiff is entitled to any monetary or injunctive relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND DEFENSE

Plaintiff has failed to sufficiently allege a pattern or practice claim under the Fair Housing Act.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Some of Plaintiff's claims for monetary relief are barred by the allegedly aggrieved individuals' discharge in Bankruptcy.

### FIFTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Defendant continues to deny, were the direct and proximate result of individuals aside from the Defendant.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by laches, estoppel, and/or waiver.

Respectfully submitted this 6TH day of October, 2023.

                                         **GRIFFIN DURHAM TANNER & CLARKSON, LLC**

                                         By:   *James D. Durham*
                                                  James D. Durham
                                                  Georgia Bar No. 235515
                                                  jdurham@griffindurham.com
                                                  Patrick J. Schwedler
                                                  Georgia Bar No. 812312
                                                  pschwedler@griffindurham.com
                                                  104 West State Street, Suite 200
                                                  Savannah, GA 31401
                                                  Ph/Fax:  912-867-9140

                                                  *Attorneys for Defendant Iraj Shambayati*

## CERTIFICATE OF SERVICE

I hereby certify that on I electronically filed the foregoing DEFENDANT IRAJ SHAMBAYATI'S ANSWER AND DEFENSES TO THE COMPLAINT by filing it electronically to the Court's electronic filing system, which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system.

> **GRIFFIN DURHAM TANNER & CLARKSON, LLC**
>
> *James D. Durham*
> James D. Durham